## Commonwealth *v.* Harris, Appellant.

Argued November 14, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

216

*Melvin Dildine,* Assistant Defender, with him *Herman I. Pollock,* Defender, for appellant.

*Alan J. Davis,* Assistant District Attorney, with him *Paul R. Michel,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, March 15, 1968:

Melvin Harris, appellant, was convicted by a jury in Philadelphia County of the crimes of burglary, larceny, receiving stolen goods and possession of burglary tools. Following dismissal of a motion for a new trial and imposition of sentence, an appeal was filed in the Superior Court which subsequently affirmed the judg-

ments, 209 Pa. Superior Ct. 27, 223 A. 2d 881 (1966).
Judge HOFFMAN dissented. We granted allocatur.

The convictions rested in part upon the introduction in evidence, over objection, of a set of burglary tools and a brief case seized without a warrant from an automobile in Harris' possession at the time of his arrest. The lawfulness of the arrest was not questioned and the above evidence was accepted at trial as the product of a lawful search incidental to and part of the arrest. The question for decision is whether the search was unreasonable under the Fourth Amendment to the United States Constitution, rendering constitutionally impermissible the use of evidence seized therein.

The pertinent facts are these.

At about 7:10 p.m., on June 16, 1964, two city police detectives, having secured information that Harris was seen in possession of ladies' wigs stolen in a recent burglary, went without a body or search warrant to the residence of a Mrs. Wilson, a friend of Harris, to arrest him. They were admitted to the dwelling without incident by a member of the household. Harris was not there when the officers arrived, but drove up in an automobile about ten minutes later and parked the automobile on the street "almost directly" in front of the Wilson residence. As he entered the house, he was immediately placed under arrest and handcuffed. An officer then asked Harris, "May I search your car?" Harris replied, "yes" and gave the officer the keys,[1] but explained that the automobile did not belong to him. The officer then proceeded to the automobile, searched it in the presence of Harris, and found the burglary tools and the brief case in the trunk.

---

[1] This was the officer's testimony. Harris' version disagreed in material part.

One of the exceptions to the constitutional rule that a search warrant is required before a search is that the police may properly search a person who is lawfully arrested, if the search is incidental to and part of the arrest: *Preston v. United States,* 376 U.S. 364, 84 S. Ct. 881 (1964). This right to search and seize without a warrant extends to things under the accused's immediate control such as a house or an automobile, *Preston v. United States,* supra, and *Carroll v. United States,* 267 U.S. 132, 45 S. Ct. 280 (1925). Such a search without a warrant is justified "by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime—things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control." *Preston v. United States,* supra, at 367, 84 S. Ct. at 883.

But a search can be incident to an arrest only if it is substantially contemporaneous with the arrest and confined to the immediate vicinity of the arrest. Ibid., *Agnello v. United States,* 269 U.S. 20, 31, 46 S. Ct. 4, 5 (1925); *Stoner v. California,* 376 U.S. 483, 486, 84 S. Ct. 889, 891 (1964). See also, *Commonwealth v. Ellsworth,* 421 Pa. 169, 218 A. 2d 249 (1966). And whether the search is of a house or of a thing under the accused's immediate control, it must be "reasonable" as to the area searched. However, what may be unreasonable in the search of a house may be reasonable in the case of an automobile, *Carroll v. United States,* supra. In other words, the questions involving the validity of searches of automobiles and similar objects readily moved cannot sensibly be treated as similar to those arising out of searches of fixed structures like houses, *Carroll v. United States,* supra; *Preston v. United States,* supra.

In determining the test of reasonableness, all the attending circumstances must be considered. The test cannot be stated in rigid and absolute terms and each case must be decided on its own facts. *Cooper v. California,* 386 U.S. 58, 87 S. Ct. 788 (1967); *Harris v. United States,* 331 U.S. 145, 67 S. Ct. 1098 (1947); *Commonwealth v. Cockfield,* 411 Pa. 71, 190 A. 2d 898 (1963). But in resolving the reasonableness question, even in a state trial, the federal constitutional standards as expressed in the Fourth Amendment and the relevant decisions of the United States Supreme Court must be respected. *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684 (1961); *Ker v. California,* 374 U.S. 23, 83 S. Ct. 1623 (1963); *Elkins v. United States,* 364 U.S. 206, 80 S. Ct. 1437 (1960).[2]

In *Preston v. United States,* supra, four suspiciously-acting men were arrested at night in an automobile for vagrancy and taken to police headquarters. The automobile was towed to a garage and there searched. Guns, illegal license plates and other paraphernalia frequently used in the commission of a robbery were found and used as evidence in a subsequent prosecution for conspiracy to rob a bank. The court reversed the conviction and ruled that the search was unreasonable and the evidence seized should have been excluded. It pertinently stated: "Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest." Id. at 367, 84 S. Ct. at 883. To the same effect is *James v. Louisiana,* 382 U.S. 36, 86 S. Ct. 151 (1965).

---

[2] However, the state has the power to impose standards on searches and seizures higher than those required by the Federal Constitution. See *Cooper v. California,* 386 U.S. 58, 87 S. Ct. 788 (1967).

In our view the search here involved was not confined to "the immediate vicinity of the arrest" and hence cannot be sustained as incidental thereto. *Preston* is therefore controlling. The search herein was in the nature of general exploration for evidence. See *United States v. Lefkowitz,* 285 U.S. 452, 52 S. Ct. 420 (1932) ; *Go-Bart Importing Co. v. United States,* 282 U.S. 344, 51 S. Ct. 153 (1931). The evidence should have been excluded.

We are not unmindful of the recent decision in *Cooper v. California,* 386 U.S. 58, 87 S. Ct. 788 (1967), wherein a search of an automobile one week after the arrest and some distance removed therefrom was held to be reasonable. *Cooper,* however, is inapposite. The search in *Cooper* concededly was not incidental to or part of the arrest, and did not involve the application of the exception to the constitutional rule which permits searches incident to an arrest. At the time of arrest the automobile was seized and impounded pursuant to a state statute as evidence of guilt in the felonious possession and transportation of narcotic drugs. It was searched for the same reasons it was seized and since these reasons justified the seizure, *a fortiori,* they justified a search. In other words, where an automobile is seized and impounded by the police, the reason and nature of the custody may justify a search at a place and time other than the arrest, but not as an incident to the arrest.

We noted before the reasons why a search without a warrant incident to an arrest is justified. The absence of these justifications herein demonstrates the unreasonableness of the search.

The burglaries with which Harris was charged occurred on May 27 and May 29, 1964. The arrest occurred on June 16th, nearly three weeks later. When taken into custody in the house, Harris was promptly

handcuffed. The automobile was locked and the keys were in the possession of the police. These circumstances just do not support the conclusion that the search was necessary to prevent either harm to the arresting officers, or the escape of Harris or the destruction of evidence. Cf. *Conti v. Morgenthau*, 232 F. Supp. 1004 (S.D. N.Y. 1964).

Nor are we persuaded that Harris' apparent approval of the search rendered it lawful. Consent must at least be freely given to be effective. This means there must be a total absence of duress or coercion, express or implied, *Catalanotte v. United States*, 208 F. 2d 264 (6th Cir. 1953); *Judd v. United States*, 190 F. 2d 649 (D.C. Cir. 1951); *Commonwealth v. Wright*, 411 Pa. 81, 190 A. 2d 709 (1963). See also, Note, Effective Consent to Search and Seizure, 113 U. Pa. L. Rev. 260 (1964). The circumstances attending the search in this case were certainly not free of intimidation or duress.

We need not reach the question of whether or not there can be an effective consent to a search in the absence of a warning of constitutional rights, see generally *Gorman v. United States*, 380 F. 2d 158 (1st Cir. 1967); *United States v. Nikrasch*, 367 F. 2d 740 (7th Cir. 1966); *United States v. Barton*, 1 Cr. L. 2145 (D.C. Mass. 1967).

The order of the Superior Court and the judgments of the Court of Oyer and Terminer of Philadelphia County are reversed and a new trial is ordered.

Mr. Chief Justice BELL dissents on the basis of *Harris v. United States*, 390 U.S. 234, 88 S. Ct. 992, 36 U.S. L. Wk. 4195 (1968).