Dissenting Opinion by
Hoffman, J.:
I would reverse the judgment of sentence of the lower court and grant a new trial on the ground that the evidence taken from the glove compartment and from under the front seat of the car should have been suppressed at trial.
The officer who originally detained appellant stated that he saw certain articles in plain view in the car and became suspicious. At that time, he did not search the car, but asked appellant and his companion to drive the car to the station for investigation. At the station, appellant, his companion, and the car were thoroughly searched. Beside the items in plain view in the car, the officer found several other articles in the glove compartment and under the front seat. The above search was effectuated without a warrant.
*502 Appellant contends that the search of the car at the station and the seizure of certain articles violated his rights under the Fourth and Fourteenth Amendments. More specifically, appellant argues that the search wag not done incident to an arrest, and therefore, a warrant was required.
It has long been a rule of law that a warrantless search is permissible, if it is incident to an arrest and done in a reasonable manner. Weeks v. United States, 232 U.S. 383 (1914) ; Carroll v. United States, 267 U.S. 132 (1925); Preston v. United States, 376 U.S. 364 (1964) ; Commonwealth v. Harris, 429 Pa. 215, 239 A. 2d 290 (1968). When such a search is executed, however, it must be done “by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime — things which might easily happen where the weapon or evidence is on the accused’s person or under his immediate control.” Preston v. United States, supra at 367.
In the instant case, appellant and his companion were not arrested when they were originally detained in their automobile. At that time, the officer who detained them stated that he only had a suspicion that something was wrong, and that the reason for having the car taken to the station was to check to see if it was stolen. Only after the police learned that certain crimes had occurred and that the search of the car yielded other evidence, were appellant and his companion linked to the crimes which they are presently appealing. The search of the car at the station, therefore, cannot be deemed incident to an arrest. Rather, the arrest in this case culminated as a result of an exploratory search.
Even if the search of the car was done relatively contemporaneous with an arrest, it is my opinion that *503 a search warrant was required. The exigencies that permit a warrantless search of a vehicle had passed. There was no longer any fear of destruction of specific evidence, no fear of escape, and no fear that weapons in the car would be used to injure another person. Instead, the search was made out of the presence of appellant or his companion for exploration purposes, and indeed yielded evidence that was used at trial to convict appellant.
When searches are in the nature of general exploration for evidence, the search must be condemned as a violation of the Fourth and Fourteenth Amendments. See Commonwealth v. Harris, supra; Preston v. United States, supra. The Preston decision exemplifies this proposition and is similar to the case at bar. In Preston an arrest for vagrancy was made on the ground that the defendants were acting suspiciously in an automobile. The men were searched for weapons and taken to the police station. Their automobile was towed to a garage. After the suspects were questioned, the vehicle was searched. The search revealed items which linked the defendants to a conspiracy to commit robbery. On review of the conviction, the Supreme Court of the United States stated that the warrantless search was improper and the evidence should have been suppressed on the ground that the search was too remote in time or place. In the instant case, appellant was booked on suspicion; and, only after a search of the vehicle in the custody of the police, as in Preston, was the appellant linked to a specific crime. In this case, as well as in Preston, there was no need to make an immediate search of the vehicle, nor was the vehicle impounded for a specific purpose. See Cooper v. California, 386 U.S. 58 (1967). Accordingly, a search warrant was requisite to any search of the vehicle.
*504 In summary, I would bold that Preston v. United States, supra, and Commonwealth v. Harris, supra, are controlling, and tbe evidence seized from tbe glove compartment and from under tbe front seat of tbe automobile should have been suppressed. I would, therefore, vacate tbe judgment of sentence and order a new trial.