Commonwealth *v.* Dixon, Appellant.

Argued November 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Frederick J. Francis,* with him *Alexander B. Bunson,* and *Meyer, Unkovic & Scott,* for appellant.

*Robert F. Hawk,* Assistant District Attorney, with him *David L. Cook,* Assistant District Attorney, and *John H. Brydon,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., April 3, 1974:

This appeal presents the issue of whether certain evidence obtained from appellant should have been suppressed.

Appellant was arrested for disorderly conduct on a public road adjoining Slippery Rock State College by a security or campus policeman attached to the college.[1] After being handcuffed, the appellant was taken to the campus security office where he was found to be in possession of five tablets which were later analyzed as amphetamines. The disorderly conduct charge was dismissed at the preliminary hearing, but appellant was tried, convicted, and sentenced for violation of The Drug, Device and Cosmetic Act of September 26, 1961, P. L. 1664, §4(q), 35 P.S. §780-4(q).

Appellant's only argument on this appeal is that the lower court erred in denying his timely motion to suppress the amphetamine tablets. We agree.

The police had no warrant to search appellant and if in fact a search was made it must be supported as incident to a lawful arrest. *Commonwealth v. Hughes,* 219 Pa. Superior Ct. 181, 280 A.2d 556 (1971). However, the arrest in this case was unlawful and did not support a search. At trial, the parties stipulated that the alleged offense of disorderly conduct occurred on a road of the Borough of Slippery Rock, off the campus, and that the arresting officer had no jurisdiction in the borough. Such stipulation was apparently in recognition of the fact that the arresting officer was a security or campus policeman whose powers are defined by §2416 of The Administrative Code of 1929, Act of April 9, 1929, P. L. 177, art. XXIV, §2416, as amended,

---

[1] The alleged disorderly conduct, for which appellant was arrested, occurred on a public road after appellant had been told by the campus policeman to move his motorcycle which had overturned.

March 28, 1961, P. L. 66, §2, September 28, 1965, P. L. 553, §4, and July 7, 1968, P. L. 297, No. 149, §1, 71 P.S. §646 (Supp. 1973-74). Section 2416 provides, *inter alia*: "Security and Campus Police shall exercise their powers and perform their duties only on the premises of the State colleges and universities . . . by or for which they are employed . . . ."

Nevertheless, the lower court refused to suppress the evidence, finding that appellant had voluntarily surrendered the amphetamines to the police. At the start, it must be said that the burden is on the Commonwealth to prove by clear and positive evidence that appellant voluntarily waived his right to be free from unreasonable searches and seizures. *Commonwealth v. Burgos,* 223 Pa. Superior Ct. 325, 299 A.2d 34 (1972). This burden is even heavier when the accused has been placed under arrest. *Id.* Furthermore, when the defendant has applied for the suppression of evidence under Pa. R. Crim. P. 323, "[t]he Commonwealth shall have the burden of going forward with the evidence and of establishing the admissibility of the challenged evidence."

At the trial, which was before the court without a jury and served both as a suppression hearing and a trial, the Commonwealth attempted to prove that the appellant had emptied his pockets voluntarily at the request of the campus policemen. The arresting officer testified that he asked appellant to empty his pockets on the desk top and among the items taken out by appellant was a small container in which the amphetamines were found. However, defense counsel later asked the arresting officer whether he had said at the preliminary hearing that he (the arresting officer) had emptied the appellant's pockets and that he (the arresting officer) had discovered the container with the amphetamines. The officer acknowledged that he had said this, but explained that appellant himself had emp-

tied his jacket pockets from which the container was produced, but that he (the arresting officer) had to empty out appellant's pants pockets. This exposed another conflict of testimony which was developed by defense counsel. At the suppression hearing the same officer testified that the container with the tablets had come out of appellant's jacket pocket which the appellant had emptied, but at the preliminary hearing he had testified that the container had been found in the right-front pocket of appellant's pants.[2]

We find this testimony to be far from "clear and positive" proof that appellant voluntarily surrendered the evidence to the arresting officer. Even if all the inconsistencies in the arresting officer's story are resolved in favor of the Commonwealth, we have nothing more than a naked compliance by an arrested person with the request of police that he empty his pockets. The mere showing of acquiescence on the part of an accused to a request by police does not satisfy the Commonwealth's burden of proving that the accused "voluntarily" surrendered the evidence. *Commonwealth v. Davenport*, 453 Pa. 235, 308 A.2d 85 (1973). When we consider the circumstances surrounding appellant's production of evidence against himself, we find that appellant had been handcuffed at the time he was arrested; that he had also been patted-down for weapons by the arresting officer; that he was a college student at the time, in his early twenties, and with no prior experience with the law; that he was not advised of his constitutional rights before he was asked to empty his pockets; and that after he failed to empty his other

---

[2] Another conflict in the arresting officer's testimony was whether he had frisked the appellant at the time of the arrest. It was resolved by the arresting officer that his testimony at the preliminary hearing that he had "patted down" the appellant was correct.

pockets, the arresting officer proceeded to empty them himself.

In *Commonwealth v. Harris,* 429 Pa. 215, 239 A.2d 290 (1968), the Pennsylvania Supreme Court found consent to be involuntary where the accused had been arrested by police, handcuffed, and thereafter gave permission to search his car. The Court, there, said: "Consent must at least be freely given to be effective. This means there must be a total absence of duress or coercion, express or implied . . . ." *Id.* at 221, 239 A.2d at 293. In a case with facts very similar to the one presently before us, the Court of Appeals of Georgia refused to find a voluntary surrendering of evidence to police by an accused who had been taken to the county jail after an arrest which was later determined to be illegal. *Raif v. State,* 109 Ga. App. 354, 136 S.E.2d 169 (1964).

Under the circumstances of the present case, where appellant was illegally arrested, we cannot conclude that the Commonwealth has established that appellant's act in emptying his pockets was truly voluntary.

The judgment of sentence is reversed, and a new trial is granted in which the drugs seized by the police shall be suppressed.