## Commonwealth v. Edwards

*James F. Marsh, District Attorney,* for Commonwealth.

*George Royle, IV,* for defendant.

WILLIAMS, P. J., June 3, 1974.—Defendant seeks to suppress at trial the fruits of a warrantless search of his motor vehicle which resulted in the finding of a small quantity of marijuana.

## FINDINGS OF FACT

1. On March 11, 1974, six State Troopers and two members of the Barrett Township Police Department conducted a search and seizure raid at premises in Barrett Township occupied by David Bodine.

2. The police had a warrant to search the premises of David Bodine and a warrant to search the person of Robert A. Johnson. The name of defendant did not appear in either search warrant.

3. Defendant was present, with David Bodine, in the living room of the Bodine residence, when the police arrived. Defendant's arrival preceded that of the police by some ten or 15 minutes.

4. Robert A. Johnson was sleeping in a bedroom of the residence when the police arrived.

5. The police detained defendant, and a State Trooper, holding a shotgun, guarded the door of the room in which he was detained.

6. The police had no knowledge of any conduct on the part of defendant that would warrant a belief that he had committed a crime. A pat down failed to disclose a weapon or any drugs on his person.

7. Trooper Baggott, as well as Officer Swartz, requested defendant to consent to the search of his automobile. He was told he did not need to consent. Defendant, age 22, consented to the search.

8. The search resulted in the discovery of a small quantity of marijuana.

9. The police knew the identity of defendant prior to the time his automobile was searched.

10. Prior to the search, while he was not formally placed under arrest, he was, in fact, under arrest because he was restrained of his liberty and not free to leave the premises.

## DISCUSSION

Defendant contends that his arrest was illegal because the police did not have probable cause to arrest

him; that the search was not a search incident to a legal arrest, and that his consent was given under circumstances which constituted coercion.

The warrants in the possession of the police did not authorize a search of the personal effects of defendant, who was not named in the warrants. See Commonwealth v. Platou, 455 Pa. 258 (1973), and Commonwealth v. Reece, 437 Pa. 422 (1970). Here, as in Platou and Reece, defendant happened to be on the premises but was not named in the search warrant and the police had no information that he was involved in criminal activity.

Under the ruling in these two cited cases, the arrest of defendant was illegal, and, if the search is to be sustained, it must be on the basis that defendant voluntarily consented to the search.

The criteria which must be applied to determine whether the consent given was voluntary is stated in Commonwealth v. Burgos, 223 Pa. Superior Ct. 325 (1972).

The waiver must meet two tests. It must be voluntary and it must be intelligently made. The burden of proof rests upon the Commonwealth, and it must be proven by clear and positive evidence. Consent must be freely given and there must be a *total* absence of coercion, express or implied. Defendant does not deny he consented to the search but asserts his consent was not voluntary but coerced.

In Commonwealth v. Dixon, 226 Pa. Superior Ct. 569 (1974), it is said, page 573:

"The mere showing of acquiescence on the part of an accused to a request by police does not satisfy the Commonwealth's burden of proving that the accused 'voluntarily' surrendered the evidence. Commonwealth v. Davenport, 453 Pa. 235, 308 A. 2d 85 (1973)."

Here, the Commonwealth's testimony shows that at the time of the search, defendant, age 22, who had

never before been arrested, except for motor violations and teen-age drinking, was detained by the police and under guard of a State Trooper who possessed a shotgun. Since he was under arrest, the Commonwealth has an even heavier burden of proof that the consent was not coerced: Commonwealth v. Dixon, supra, page 572.

We are of the opinion that this case is ruled by Commonwealth v. Harris, 429 Pa. 215 (1968). In Harris, the defendant was immediately handcuffed. He consented to the search of his automobile. Based on such a statement of facts, the court said, page 221:

"Nor are we persuaded that Harris' apparent approval of the search rendered it lawful. Consent must at least be freely given to be effective. This means there must be a total absence of duress or coercion, express or implied, Catalanotte v. United States, 208 F. 2d 264 (6th Cir. 1953); Judd v. United States, 190 F. 2d 649 (D.C. Cir. 1951); Commonwealth v. Wright, 411 Pa. 81, 190 A. 2d 709 (1963). See also, Note, Effective Consent to Search and Seizure, 113 U. Pa. L. Rev. 260 (1964). The circumstances attending the search in this case were certainly not free of intimidation or duress."

Here, defendant was both under arrest and guarded by a police officer who carried a shotgun. These facts were more likely to coerce a consent to search than were present in Harris, where the court ruled the fact that defendant was handcuffed rendered his consent to the search involuntary and ineffective.

## CONCLUSIONS OF LAW

1. The warrantless arrest of defendant was without probable cause and, therefore, unlawful.

2. The warrantless search of defendant's vehicle was not incidental to a lawful arrest.

3. The consent of defendant was not totally free of coercion and was, therefore, involuntary.

### ORDER

And now, June 3, 1974, petition to suppress the fruits of the search of defendant's vehicle is sustained, and it is ordered that the fruits of said search shall not be admissible in evidence at the trial of the case.