Commonwealth *v.* Corbett, Appellant.

Submitted March 28, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Taylor Andrews* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*David Richman,* Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 21, 1974:

After waiving his right to a jury trial, appellant was tried by the court and found guilty of playfully pointing a firearm, burglary, and two counts of aggravated robbery. These charges stemmed from two separate holdups of a delicatessen in Philadelphia on November 4, 1969, and December 16, 1969. Appellant was positively identified in court as one of the perpetrators of the November 4 robbery by Dennis Buonfiglio, the delicatessen owner's son, Lilliann Buonfiglio, the owner's daughter, and Linda Buonfiglio, another daughter. Appellant was also identified in court as one of the men involved in the December 16 robbery by Catherine Buonfiglio, the owner's wife, and Josephine Mastro, the owner's daughter.

Appellant raises two main issues on this appeal. He first contends that he was prejudiced by a suggestive one-on-one confrontation which took place in the police station after his arrest. This confrontation occurred when appellant appeared to give information to a police officer at a desk which was within the view of three witnesses to the robberies who were waiting for the lineup. The appellant was not handcuffed. When one of the witnesses, Lilliann Buonfiglio, saw appellant at the desk she immediately identified him as one of the robbers. Appellant complains that the confrontation which occurred when he was without counsel deprived him of due process.

We cannot agree with appellant for several reasons. First, the Commonwealth did not introduce this identification as evidence at trial; the defense brought it out during its cross-examination of Lilliann Buonfiglio. Second, the suppression judge found that "the seeing of the defendant [by Lilliann Buonfiglio at the police station] was inadvertence, or certainly was not prompted by suggestion by the police officers who were there present." This factual finding, supported by the record, cannot be disturbed on appeal by our Court. *Commonwealth v. Johnson*, 452 Pa. 130, 305 A.2d 5 (1973). Third, even if we were to find that such an identification was the product of a suggestive confrontation, the error in permitting the subsequent in-court identification would be at most harmless under the doctrine of *Chapman v. California*, 386 U.S. 18 (1967). The record revealed that appellant was positively identified in court as one of the robbers by four other witnesses,[1] none of whom were present at the police station when Lilliann Buonfiglio made her spontaneous identification of appellant.

In his second argument, appellant contends that the lineup, which was held at least 14 hours after his arrest but before his preliminary arraignment, was violative of his right to be brought before a magistrate without unnecessary delay.[2] *See* Pa. R. Crim. P. 130.[3] Consequently, he claims, the identifications made at the

---

[1] Dennis Buonfiglio, Linda Buonfiglio, Catherine Buonfiglio, and Josephine Mastro.

[2] Although this issue was not raised in the court below, we must consider it on appeal since the trial occurred prior to the date of *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). *See Commonwealth v. Wayman*, 454 Pa. 79, 309 A.2d 784 (1973).

[3] This rule was formerly Pa. R. Crim. P. 118 (effective May 1, 1970) which replaced Pa. R. Crim. P. 116(a) (effective January 1, 1965) which was in force on December 26, 1969, the date of appellant's arrest.

lineup should not have been admitted at trial.[4] For authority, appellant relies on *Commonwealth v. Futch,* 447 Pa. 389, 394, 290 A.2d 417, 419 (1972), which held that "all evidence obtained during 'unnecessary delay' except that which . . . has no reasonable relationship to the delay whatsoever" must be excluded. However, in *Commonwealth v. Tingle,* 451 Pa. 241, 245, 301 A.2d 701, 703 (1973), the Supreme Court stated that "Futch did not, and we do not here, establish a per se rule that all evidence obtained during an unnecessary delay be excluded. It is only upon the defendant's showing of prejudice from the delay, i.e., a nexus between the delay and the challenged evidence that he is entitled to relief."

In *Commonwealth v. Futch,* supra, the Supreme Court ruled that the identifications made of defendant, resulting from a lineup held during the unnecessary delay, were not admissible at trial. But before reaching that conclusion the Court was careful to note that the waiver of counsel form given to defendant was misleading and the lineup itself was of a "suggestive nature." "Had the mandate of Rule 118 [requiring presentment of defendant before a magistrate without unnecessary delay] been complied with an officer of the court would have informed defendant before the lineup of his right to counsel at the lineup, and thus a constitutionally valid procedure would have been assured." *Id.* at 395, 290 A.2d at 420.

In the present case, appellant does not attack the lineup proceedings at which he was represented by counsel. Nor does he claim that the lineup was of a suggestive nature. His only argument is that the identifications made at the lineup should not have been admitted at trial because the lineup was held during an

---

[4] At trial, Lilliann, Linda, and Dennis Buonfiglio testified that they had identified appellant at the lineup.

unnecessary delay prior to his preliminary arraignment. Unlike the appellant in *Futch,* had the appellant in this case been taken before a magistrate prior to the lineup, he would have found himself in no better position. We cannot say that appellant was prejudiced by the delay.

Judgment affirmed.