294 

Commonwealth *v.* Rodriquez, Appellant.

Submitted September 17, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Elaine DeMasse* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Mark Sendrow* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., April 22, 1975:

The Appellant, Walfredo Rodriquez, files this direct appeal from his conviction and sentencing on robbery charges. The charge arose out of a purse-snatching incident which took place on a Philadelphia Street on June 9, 1972. All of the Appellant's claims on appeal revolve around the identification evidence which provided the basis for his conviction.

The salient facts of record show that the victim was accosted in the mid-morning of that Spring day by the thief, who, after taking her purse, fled on foot. After reporting the incident, the victim was taken to a police station. The appellant, who was picked up in the vicinity of the robbery, was taken to the same facility.

At the Appellant's preliminary hearing, the victim testified that she identified the Appellant at the police station that morning. It was revealed at the preliminary hearing that the victim was taken to a doorway; when she looked through the doorway, she saw the Appellant alone in the room. She was asked by defense counsel if the police said anything to her at that time. She replied:

"About him?" The defense attorney replied affirmatively and the victim testified: "He asked me if that was the man and I said, yes, that was him."

The defense counsel, at preliminary hearing, then asked the following of the victim: "Did he ever ask you anything or tell you anything before that time?" No answer was forthcoming as the Commonwealth's counsel raised an immediate objection which was sustained. The victim did not testify further about her identification of Appellant in the police station.

Many twists of fate result in issues for litigation in our courts; in the instant appeal the questions which exist were all created by the untimely death of the victim, from natural causes, after the preliminary hearing, but before the trial. Prior to trial, it is apparent that the Commonwealth made known its plans to introduce at trial, a transcript of the victim's preliminary hearing identification testimony. The Appellant filed a motion to suppress such evidence but that request was denied and the transcript of the preliminary hearing was used by the Commonwealth as part of its proof at trial.

During the course of the trial, a police officer revealed for the first time that the victim had initially identified Appellant when he was brought into the room where she was being questioned. The police officer further testified the Appellant was taken into that room in handcuffs by another officer. According to the officer, the victim looked at the Appellant on that occasion and said, "That's him." Later, she was taken to the room where defendant was kept alone and which she described in her preliminary hearing testimony.

On this appeal, the Appellant urges that it was error for the lower court to admit the transcript showing the victim's preliminary hearing identification. We are constrained to agree. It is well established that the transcribed preliminary hearing testimony of a witness is admissible at trial in the circumstance that the witness

has died before trial. *Commonwealth v. Clarkson*, 438 Pa. 523, 265 A.2d 802 (1970).[1] However, merely noting this general rule on admissibility does not resolve the serious identification issues raised by Appellant in his efforts to suppress such evidence. We cannot ignore the record facts showing that the victim experienced two "one-on-one" confrontations with the Appellant in the police station prior to testifying at the preliminary hearing— once confronting the Appellant when he was brought into her presence handcuffed and a second time when she was led to a room in which he stood alone. In neither case was defense counsel present.

Over the last several years, many cases in the United States Supreme Court and in our State Courts have discussed pre-trial confrontations between an accused and victims or other witnesses. In *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199 (1967), the Supreme Court recognized and condemned the practice of showing suspects singly to persons for purposes of identification.[2] In the companion case of *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149 (1967), the Court, in commenting on *Stovall, supra*, stated:

---

1. Clarkson relied on prior case law, including *Commonwealth v. Ryhal*, 274 Pa. 401, 118 A. 358 (1922); *Commonwealth v. Keck*, 148 Pa. 639, 24 A. 161 (1892); and *Commonwealth v. Miller*, 203 Pa. Superior Ct. 511, 201 A.2d 256 (1964). Compare *Commonwealth v. Velasquez*, 449 Pa. 599, 296 A.2d 768 (1972), which involved transcribed notes of a guilty plea proceeding used at a later sentencing hearing, in reliance upon the Act of May 23, 1887, P.L. 158, §3, 19 P.S. §582. The Act of 1887 is applicable solely to "courts of record", and not preliminary hearing tribunals. See *Commonwealth v. Velasquez, supra; Commonwealth v. Miller, supra.*

2. While the conviction in *Stovall* was affirmed despite such a confrontation, the Court relied upon the imperative circumstances of having the only possible witness (who could identify or exonerate the defendant) view him from her hospital bed when she appeared on the verge of death. No such exigency is apparent in this case.

"And the vice of suggestion created by the identification in *Stovall,* supra, was the presentation to the witness of the suspect alone handcuffed to police officers. It is hard to imagine a situation more clearly conveying the suggestion to the witness that the one presented is believed guilty by the police." *Wade, supra,* 388 U.S. at 234.

Although in some circumstances, an accused who has been subject to some suggestive pre-trial confrontation with a witness might still suffer from admissible identification testimony by that witness at trial, it is first required that the court test the basis for the witness' trial identification. The court must be assured that the witness' trial identification has not been "tainted", but rather rests on a reliable recognition of the accused "independent" of the suggestive confrontation; the Commonwealth bears the burden of showing the absence of "taint." *Wade, supra,* 388 U.S. at 240; *Commonwealth v. Whiting,* 439 Pa. 205, 210-211, 266 A.2d 738, 740-741 (1970).

In the unfortunate circumstance of the victim's untimely death in the instant case prior to trial, and mindful of the limitations on inquiry at the preliminary hearing into circumstances surrounding the victim's pre-trial confrontations with the Appellant, we cannot determine that the identification of the accused at that hearing was possessed of the requisite "independent origin." Indeed, the victim did not even testify at the preliminary hearing about her initial view of the Appellant when he was brought into her presence handcuffed. In the absence of an opportunity to "test" the victim's only in-court (preliminary hearing) identification testimony, we must hold that it was error to admit a transcript of that identification testimony against the accused at trial.

Reversed and remanded for a new trial.