## Stoutzenberger Appeal.

## Commonwealth *v.* Stoutzenberger, Appellant.

Submitted June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Penn B. Glazier* and *J. Elvin Kraybill*, Assistant Public Defenders, for appellants.

*Henry S. Kenderdine, Jr.,* Assistant District Attorney, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., September 22, 1975:

The issue presented by this appeal is whether the police had probable cause to arrest appellants. If the arrest was invalid, any evidence directly obtained therefrom should have been suppressed.

At approximately 1:30 on the afternoon of November 18, 1974, two boys entered Schwartz's Grocery Store in Columbia, Pennsylvania. While Mr. Schwartz, the proprietor, was getting some ice cream in the back of the store for one of the boys, the other boy allegedly reached into the cash register taking $35.00 in five dollar bills. Within minutes of their departure, Mr. Schwartz noticed that all the five dollar bills in the cash register were gone and called the police.

An officer at the police station took the call at 1:41 p.m. and in turn radioed the information to a Sergeant Smith, who was driving in a patrol car. After receiving a description of the boys, Sergeant Smith saw appellants, who are brothers, hitchhiking across the bridge to Wrightsville. The sergeant notified the Wrightsville police and the boys were apprehended and taken to the Columbia Police Station at 3:10 p.m.

After their return, Sergeant Smith told the boys to empty their pockets. One boy produced $12.00 in cash and the other produced $16.00. Mr. Schwartz was also contacted and informed that the police "felt they had the boys." Upon his arrival at the police station, Mr. Schwartz saw the boys and identified them as the thieves. Soon thereafter, Sergeant Smith advised appellants of their *Miranda*[1] rights. Then, according to the sergeant, the boys admitted that they had taken the money.

---

1. *Miranda v. Arizona,* 384 U.S. 436 (1966).

The next day two petitions were filed by Sergeant Smith in the lower court alleging that the appellants had committed delinquent acts by taking $35.00 from Schwartz's Grocery Store. A hearing was held on December 5, 1974, and the boys were adjudicated delinquent by the court below. This appeal followed.

At the outset of the hearing defense counsel moved for the suppression of the statements, identification, and other physical evidence on the ground that the arrest of appellants was illegal.[2] The lower court allowed argument on the motion at the end of the hearing. However, in the opinion of the court below, probable cause for the arrest was established by the record. We disagree and reverse.[3]

"In determining the presence of probable cause '[t]he crucial test is whether there were facts available at the time of the initial apprehension which would justify a man of reasonable caution in the belief that a crime had been committed and that the individual arrested was the probable perpetrator.' Commonwealth v. Jones, 322 A.2d at 123 (citations omitted)." *Commonwealth v. Jackson*, 459 Pa. 669, 673-674, 331 A.2d 189, 191 (1975). The Supreme Court has recognized that "descriptions equally applicable to large numbers of people

---

2. In this case it was not necessary to file a pre-trial motion to suppress evidence as required by Pa.R.Crim.P. 323 because the Pennsylvania Rules of Criminal Procedure generally are not applicable to juvenile proceedings. Pa.R.Crim.P. 1(a). Instead the Juvenile Act states: ". . . An extrajudicial statement, if obtained in the course of violation of this act or which could be constitutionally inadmissible in a criminal proceeding, shall not be used against him. Evidence illegally seized or obtained shall not be received *over objection* to establish the allegations made against him." Act of Dec. 6, 1972, P.L. 1464, No. 333, §21, 11 P.S. §50-318 (b) (Supp. 1975-76) (emphasis added).

3. We have been advised by the Commonwealth that it now concedes that the arrest was improper and consequently the ensuing search and confession obtained were tainted evidence.

will not support a finding of probable cause." *Id.* at 674, 331 A.2d at 191.

In the present case, the Commonwealth introduced no evidence of the description given to the police by Mr. Schwartz regarding the perpetrators of the alleged crime. Nor are we informed of the description relayed to Sergeant Smith who was on patrol. Mr. Schwartz merely testified that about two minutes after the boys left the store "[he] [c]alled the police. And, in a couple of minutes, two police were up there and then I saw Mr. Smith down at the police station." Notes of Testimony at 8. The following is Sergeant Smith's recollection of the events leading up to the arrest: "He [the officer who took the call at the police station] gave me a description of the boys and I was patrolling in the car and I saw the two Stroutzenburger [sic] boys which [sic] I know. They were at the Intercounty Bridge, going right and hopping a ride and by the time we got around, they already had a hop and by that time, this was in Wrightsville and I gave the chief a call and they picked them up at Strap's Pool Hall and brought them to the Columbia Borough Police Station." Notes of Testimony at 20-21. The officer who took the call from Mr. Schwartz did not testify at the hearing.

Because defense counsel was attacking the validity of the arrest, and the admissibility of the evidence resulting therefrom, it was the duty of the Commonwealth to persuade the court below that the arrest was proper and that the evidence was admissible. *See Brown v. Illinois,* 422 U. S. 590, 17 Cr. L. 3145 (1975); *Commonwealth ex rel. Butler v. Rundle,* 429 Pa. 141, 239 A.2d 426 (1968). The evidence presented by the Commonwealth in this case was insufficient to demonstrate that the police had probable cause to arrest the appellants. Without specific testimony on the description used by the police to conduct their investigation, we are forced to speculate whether the description was constitutionally

acceptable to sustain the arrest. *See Commonwealth v. Jackson, supra.* Accordingly, we hold that there was no probable cause for the arrest.

Evidence that is the fruit of an illegal arrest must be suppressed unless it is "purged of the primary taint." *Wong Sun v. United States,* 371 U.S. 471, 488 (1963). First, we will consider whether the money removed by the appellants from their pockets should be suppressed. At the police station, the boys were told by Sergeant Smith to empty their pockets. We conclude from the surrounding circumstances that the acts of appellants in emptying their pockets were a product of their illegal arrest and not acts of free will sufficiently purged of the original taint. *See Commonwealth v. Dixon,* 226 Pa. Superior Ct. 569, 323 A.2d 55 (1974).

Next, we will consider whether certain statements made by appellants at the police station should be suppressed. Generally, unless new developments occur after an illegal arrest, such as the discovery of additional information linking the accused to the crime, any statements made by an accused as a natural consequence of being in custody due to an illegal arrest must be suppressed. *Compare Commonwealth v. Jackson,* supra and *Commonwealth v. Whitaker,* 461 Pa. 407, 336 A.2d 603 (1975) *with Commonwealth v. Wright,* 460 Pa. 247, 332 A.2d 809 (1975) and *Commonwealth v. Fogan,* 449 Pa. 552, 296 A.2d 755 (1972).

In the present case, there were no intervening events inducing the statements. We are convinced that the statements were made as a direct result of the illegal arrest. Nor can it be argued that the giving of *Miranda* warnings to appellants purged the taint of the illegal arrest. *Brown v. Illinois,* supra; *Commonwealth v. Jackson,* supra. Hence, the statements must be suppressed as well.[4]

---

4. We also note that the record is unclear as to whether appellants prior to waiving their constitutional rights were given an opportunity to consult with an interested adult. While the record does disclose that the police were unable to contact appel-

Finally, we must determine whether the identification made by Mr. Schwartz of the appellants at the police station must be suppressed. Initially, we recognize that our Supreme Court has declined to suppress identifications resulting merely from an illegal arrest. "We cannot assume that but for the illegal arrest the appellant would have remained at large indefinitely." *Commonwealth v. Garvin*, 448 Pa. 258, 266, 293 A.2d 33, 38 (1972). However, the existence of additional constitutional infirmities as part of the circumstances surrounding the identification in this case make it necessary to suppress the out-of-court identification. First, although the appellants were under arrest when confronted with Mr. Schwartz, nothing appears in the record to indicate that they were informed of their right for counsel to be present at the confrontation or that they waived such a right.[5] *See Commonwealth v. Richman*, 458 Pa. 167, 320 A.2d 351 (1974). Second, the suggestiveness of the identification procedure is obvious to this Court. Not only was there a lack of a line-up at the police station but also Mr. Schwartz was told by Sergeant Smith words to the effect that the police felt they had the boys. Notes of Testimony at 16. We are convinced that the absence of counsel coupled with the suggestiveness of the confrontation requires the suppression of the out-of-court identification. *See Commonwealth v. Rodriquez*, 234 Pa. Superior Ct. 294, 338 A.2d 633 (1975); *but see Commonwealth v. Corbett*, 228 Pa. Superior Ct. 292, 323 A.2d 836 (1974).

---

lants' parents, they did contact a sister with whom the appellants were residing. Our Supreme Court has decided that an accused youth should be given the benefit of parental or interested-adult guidance before giving a confession. *Commonwealth v. McCutchen*, 463 Pa.    , 343 A.2d 669 (1975).

5. Of course, counsel would not be required at a prompt *on-the-scene* confrontation. *Commonwealth v. Richman*, 458 Pa. 167, 320 A.2d 351 (1974). However, the confrontation here was not on-the-scene but in a police station.

Whether any in-court identification by Mr. Schwartz[6] will similarly have to be suppressed will depend on whether the court below determines at the hearing that there is a basis for the in-court identification independent of the police station confrontation. *See Commonwealth v. Burton*, 452 Pa. 521, 307 A.2d 277 (1973).

Judgments reversed. Case remanded for a new hearing consistent with this opinion.

---

6. Mr. Schwartz identified the two boys at the hearing. Notes of Testimony at 5. However, it is not clear whether the in-court identification at that time was affected by the prior police station confrontation. Notes of Testimony at 17.