458 A.2d 1350

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Thomas J. NOVICK, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 25, 1983.

Decided April 26, 1983.

William A. Behe, Deputy Dist. Atty., for appellant.

Larry A. Kalikow, Asst. Public Defender, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## ORDER OF THE COURT

PER CURIAM.

Appeal dismissed as having been improvidently granted.

McDERMOTT, J., files a dissenting opinion in which LARSEN, J., joins.

McDERMOTT, Justice, dissenting.

Dismissal of this appeal as an improvident grant allows to stand a series of Superior Court, 293 Pa.Super. 241, 438 A.2d 974, cases that dangle on the edge of absurdity. The legislature's attempt to plug the gap in common sense created by these decisions does not guarantee that it will be successful. *See* 42 Pa.C.S.A. § 8953 (1982). If the prior rulings, bottomed as they were upon so tight and unrealistic an appraisal of what the legislature intended, remain a guide of any kind, we can expect the early return of the embarassments lodged in this case.

Appellee in this case was twice convicted by overwhelming evidence of arson and burglary. His confession and a room full of stolen goods were suppressed, not because his constitutional rights were violated, but because he was arrested by the wrong police officer.

The Superior Court, interpreting 42 Pa.C.S. § 8901 (1980), has held that absent a "Mutual Aid Pact" a police officer may not arrest a suspect in a neighboring community unless he was in hot pursuit of that suspect for an offense committed within his own jurisdiction.

The legislative history behind Section 8901 was sparse, but it requires no acumen to surmise that it could not mean the absurdities that follow the interpretation of the Superior Court.

Under their interpretation a police officer looking across the boundary into a neighboring municipality could not arrest a man running down the street firing a gun, or fleeing a burning home or factory, torch in hand, or any other permutation of felonry one has heard or can imagine.

Under that interpretation all the officer could do would be to alert the "proper authorities" and should they not be at hand, let the felon go. To accept such a consequence as the intention of the legislature is to debase their reason for existence. To the contrary, the only sensible interpretation is that the legislature intended to clarify the authority of police to pursue a fleeing offender, intrastate, wherever the pursuit might lead for offenses committed in his jurisdiction. It does not say that police are prohibited from arresting an offender because he is across the street in another town.

In the instant case, the Superior Court held there was no executed "Mutual Aid Pact" under 53 P.S. § 46202(35) and the arrest was therefore illegal, and appellee's confession and the physical evidence were suppressed.

A "Mutual Aid Pact" is an instrument under Section 46202(35) that provides for interchange of police and fire protection between adjoining communities. Its policies and purposes nowhere suggest, imply, or could be interpreted to provide immunity for a criminal act perpetrated under the nose of a policeman because he was across the street in another community. Its use to justify or deny the legality of an arrest for an ad hoc criminal act is a ludicrous irrelevance.

In the instant case, the Camp Hill police were alerted by a passing motorist that suspicious events were transpiring at a building a few blocks away, which provided to be in Hampden Township, a neighboring community. The Camp Hill police radioed the Hampden police and asked that they be requested to assist. The request was made and the officers proceeded to the scene, arriving five minutes before the Hampden Township police.

The appellee was arrested on conceded probable cause by the Camp Hill officers and taken, along with Hampden police officers, to the Hampden police station. Subsequently, appellee confessed to several arson and burglary offenses occurring in different townships. Because there was no "Mutual Aid Pact" the Superior Court held the arrest illegal and suppressed the evidence. Because the legislature has

prospectively cured this rank anomaly is no reason why the plainly erroneous rulings of the Superior Court should control the outcome of this case.

I therefore dissent.

LARSEN, Justice, joins in this Dissent.