## Commonwealth v. Sanner

*David J. Flower, assistant district attorney*, for the Commonwealth.

*Daniel W. Rullo,* for defendant.

COFFROTH, *P.J.*, March 18, 1985—This case is here on defendant's omnibus pretrial motion, including a motion to quash the information and a motion to suppress as evidence defendant's post-ar-

rest pretrial statements in this prosecution for involuntary manslaughter, homicide by vehicle, reckless driving and two other related summary vehicle offenses, and is based on the proposition that the arrest of defendant is unlawful because made in Somerset Township by a Somerset Borough officer without statutory authority.

The alleged offenses occurred in Somerset Township, and arise out of a vehicle collision observed by Somerset Borough Officer McKenzie, who was then en route in connection with an unrelated criminal investigation. He called Somerset Borough Officer Hahn for assistance, who arrived shortly and took over the case as arresting officer. A state police officer (Mankamyer) arrived and there was some discussion between him and McKenzie concerning whether the occurrence took place in the borough or township, whereupon Mankamyer left and Hahn remained in charge.

## LEGALITY OF ARREST

As stated in Commonwealth v. Bittner, 41 Somerset L. J. 94, 106 (1982):

"Each municipality and quasi-municipality within the state must, in the interest of harmony and avoidance of intolerable conflict, generally limit the use and exercise of its own legal powers to its own territorial jurisdiction, except as the state may by statute otherwise permit. From these principles, it can be safely concluded that a police officer of a municipality may not exercise his police powers in another municipality except to the extent authorized to do so by statute." As to the power of arrest, §1121 of the Borough Code of 1966, 53 Pa. C.S. §46121, authorizes arrest by borough police officers:

". . . within the borough or upon property owned or controlled by the borough or by a municipal authority of the borough whether such property is within or outside the limits of the borough . . . ." The borough officer is also authorized to act outside the borough in certain limited situations which are specifically defined in the Municipal Police Jurisdiction Act (MPJA) contained in the Judicial Code, 42 Pa. C.S. §8951-8954, none of which applies to this case. Somerset Township employs no municipal police officer; accordingly the state police had primary jurisdiction in the township.

Judicial Code §8953(a)(2) would authorize the borough police officer to make an extraterritorial arrest when he enters the other municipality in hot pursuit of a person for an offense which the officer has probable cause to believe was committed in the borough; this is not a pursuit case.[1] Subsection (a)(4) thereof would authorize the borough officer to act had he obtained prior consent from the head of the local state police barracks or from "a person authorized by him to give consent"; Trooper Mankamyer was not such an authorized person; moreover, the evidence does not establish that Mankamyer gave such consent. Subsection (e) authorizes extraterritorial arrest when permitted under the terms of a written intermunicipal agreement; there is no such agreement between Somerset Borough and Somerset Township. See In Re Gindlesperger, 38 Somerset L. J. 271 (1978); Commonwealth v. Bittner, supra, Appendix [40]. We would not be inclined to invalidate a municipal officer's extraterritorial arrest for an offense which

---

1 See also Vehicle Code §3731(c) 75 Pa.C.S., authorizing arrest for driving under the influence where defendant has been taken to a hospital in another municipality.

as stated in §8953(1), he ". . . has probable cause to believe was committed within his jurisdiction." Compare: In Re Gindlesperger, supra, 273; Commonwealth v. Heiple and Rooker, 33 Somerset L. J. 293, 294 (1977) and Commonwealth v. Berkebile, 34 Somerset L. J. 40 (1977). But the evidence here shows no facts supporting such belief and the district attorney does not contend that it does.

The Commonwealth argues that the instant arrest can be validated under either subsection (3) or subsection (5) of §8953(a). Subsection (3) provides as follows:

"(3) Where the officer has been requested to aid or assist any local, State or Federal law enforcement officer or otherwise has probable cause to believe that the other officer is in need of aid or assistance." The argument is that officer Hahn, the arresting officer, ". . . has been requested to aid or assist . . ." officer McKenzie who is a "local" officer. But the term "local" as used in subsection (3) refers to an officer employed locally by the municipality in which the arrest is made, that is, Somerset Township. Allowing the contrary interpretation would be an evasion of the statute's restrictions on extraterritorial arrest by use of the buddy system, and would be a distortion of both the word and spirit of the statute.

Nor can we accept the Commonwealth argument as to subsection (5) which provides as follows:

"(5) Where the officer is on official business and views an offense, or has probable cause to believe that an offense has been committed, and makes a reasonable effort to identify himself as a police officer and which offense is a felony, misdemeanor, breach of the peace or other act which presents an immediate clear and present danger to persons or property." The Commonwealth contention here rests on two alternative assumptions, namely that:

(1) the phrase "which presents an immediate clear and present danger to persons or property" does not apply to the phrase "felony, misdemeanor, breach of the peace", and instead modifies only the words "other act", or (2) the situation presented such a clear and present danger to persons or property as to require the viewing officer to make the arrest instead of calling the state police who had jurisdiction in the township and allowing them to take police charge of the case. Both assumptions are invalid. Subsection (5) is clearly designed to allow the viewing officer to act, not in every case of felony or misdemeanor which he views but only in emergency circumstances in all cases regardless of the grade of the crime. This conclusion is reinforced by subsection (6) which reads:

"(6) Where the officer views an offense which is a felony, or has probable cause to believe that an offense which is a felony has been committed, and makes a reasonable effort to identify himself as a police officer." If subsection (5) were construed as applying to any viewed felony regardless of emergency circumstances, subsection (6) would be entirely unnecessary; moreover, subsection (6) clearly applies only to felonies, exclusive of misdemeanors, which would be violated by allowing arrest under subsection (5) for misdemeanors where no emergency prevents calling the proper officer.[2]

As to the emergency circumstances aspect of the problem under subsection (5), the phrase "which offense. . . presents an immediate clear and present

2. On power of officer to make citizen's arrest, see Commonwealth v. Phillips, 338 Pa. Super. 274, 487 A.2d 962 (1985) at note 2; Commonwealth v. Mayhugh, 32 Somerset L. J. 247, 75 D.&C.2d 552 (1976); Commonwealth v. Crossland (no. 1), 38 Somerset L. J. 203 (1978).

danger to persons or property" allows the viewing officer to act only to the extent required by the emergency; thus, in a case of this kind he could take charge of the situation to the extent of calling police and medical aid, controlling traffic and the like, but his powers of arrest are not extended unless the emergency requires immediate action before an authorized officer can arrive. See In Re Gindlesperger, supra, where we held invalid an arrest by Richland Township police in Windber Borough, saying (278):

"This is not a case where any of the facts observed by the Richland police indicated a need for action to preserve the health or safety of the occupants of the parked vehicle. Consequently, their proper course of action when they observed suspicious actions on the part of respondent and his companion was to report their observations immediately to the borough police who could then take lawful action themselves, or possibly authorize the Richland officers to take temporary action pending arrival of the borough officers." Here no emergency prevented the viewing officer from calling for officer Hahn; he could as easily have called the state police nearby as he should have done. Worse, when the state police officer arrived he was prevented by the borough police from acting.

Even if all assumptions of the Commonwealth argument could be resolved in favor of using subsection (6), that would validate an arrest only for felony (none here charged) by the viewing officer and the statute gives him no authority to delegate the power of arrest to officer Hahn; so Hahn's arrest cannot be validated in any event.

Finally, it is sound policy in our system of local governments which have local police departments for each to avoid intrusion on another's powers and

for each to defer to the agency which has jurisdiction, except in true emergency circumstances where such deference is prevented. Harmony is thus promoted, and competition minimized. What we said in Gindlesperger, supra, 278, is worth repeating here:

". . . we venture to say that such intrusions would be a short-sighted policy, and would soon become offensive to all concerned."

There is no statutory authority for the arrest made in this case, and it was therefore unlawful. See also: Commonwealth v. Caton, 34 Somerset L. J. 333 (1977); Commonwealth v. Shipley, 34 Somerset L. J. 209 (1977).

## MOTION TO QUASH

A criminal prosecution will not be quashed on the ground of illegal arrest except for want of a prima facie case of guilt (probable cause), or for flagrant police misconduct in the arrest constituting a denial of due process. Commonwealth v. Bittner, supra, and cases therein cited, see also Commonwealth v. McKeirnan, 337 Pa. Super. 403, 487 A.2d 7 (1985). There is no want of probable cause here, nor any such flagrant police misconduct.[3]

---

3. In Gindlesperger supra, a juvenile proceeding, we quashed the petition instead of merely suppressing the evidence, stating that a juvenile proceeding differed from a criminal proceeding in that respect, but without supporting authority. We are now satisfied that there is no such valid distinction between juvenile and adult cases and that suppression of evidence only is the proper judicial sanction for illegal arrest in both cases. See Stoutzenberger Appeal, 235 Pa. Super. 500, 344 A.2d 668 (1975); see also Judicial Code §6338(b), 42 Pa.C.S. The error did not affect the result in Gindlesperger because all of the evidence obtained resulted from the illegal police action, thus requiring abandonment of the proceeding.

## MOTION TO SUPPRESS

Since the arrest was illegal, the Commonwealth is prohibited from using any evidence obtained as a result of the arrest, which will include all post-arrest statements made by defendant which were causally produced by the illegal arrest. See Commonwealth v. Novick, 293 Pa. Super. 241, 438 A.2d 974 (1981); Commonwealth v. Fiume, 292 Pa. Super. 54, 436 A.2d 1001 (1981); Commonwealth v. Anzalone, 269 Pa. Super. 549, 410 A.2d 838 (1979); compare Commonwealth v. England, 474 Pa. 1, 375 A.2d 1292 (1977)[4]. In all of the cases just cited, illegality was based on extraterritorial arrest and resulting evidence was suppressed. Accord: In Re Gindlesperger, supra; Commonwealth v. Shipley, supra, see also Commonwealth v. Caton, supra. On the causal relationship required between illegality of arrest and the evidence obtained, see Commonwealth v. Richards, 458 Pa. 455, 327 A.2d 63 (1974); Commonwealth v. Betrand, 451 Pa. 381, 389, 303 A.2d 486 (1973); Commonwealth v. Bittner, supra, Appendix note [62]; compare Commonwealth v. Waters, 248 Pa. Super. 123, 374 A.2d 1348 (1977).[5]

## SUPPRESSION ORDER

Now, March 18, 1985, defendant's motion to quash the information is denied, his motion to sup-

4. An appeal was granted but later dismissed as improvident, (5-2) at 500 Pa. 546, 458 A.2d 1350 (1983), in Commonwealth v. Novick, supra.

5. The prohibitions upon extraterritorial arrest do not apply to extraterritorial investigative activity in which police powers are not used. Commonwealth v. Bittner, supra; Commonwealth v. Saul, 105 Dauphin 107 (1984). See also §8953(a)(4).

press his post-arrest pretrial statements resulting from the illegal arrest is granted.