Commonwealth *v.* Burton, Appellant.

Argued January 17, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John W. Packel,* Assistant Defender, with him *Jonathan Miller,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *James Shellenberger* and *James T. Ranney,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 2, 1973:

On August 30, 1970, at approximately 4:30 a.m., Stephanie Brown, age fourteen, awoke to find a man in her bedroom. The intruder attacked and raped her. After her assailant fled, Miss Brown called her grandfather and her aunt. A neighbor summoned the police. When the police arrived, Miss Brown gave them a description of her assailant. She stated he was a dark complexioned Negro, weighing approximately 180 pounds, about six feet six inches tall, with a medium bush haircut.

Within five to ten minutes, the police brought four men to Miss Brown's home and showed them to her in a group. She said none of them was her assailant. After these men were released, a fifth man was taken to Miss Brown's home, but again she said he was not her assailant.

A half hour later, the police broadcast Miss Brown's description of her assailant. Immediately thereafter,

appellant was arrested as a result of the police broadcast, as he fit the description given over the radio and was seen walking in the vicinity. Appellant was taken back to Miss Brown's home, where he was identified by her as her assailant. Appellant was then taken to police headquarters, where he was again identified by the victim, this time through a one-way mirror.

Appellant was convicted of forcible rape, statutory rape, and burglary. Consecutive sentences of two to five years' imprisonment and ten years' probation were imposed and the judgment of sentence was affirmed by the Superior Court. We granted allocatur in this case because of our concern with the identification of appellant in the one-to-one confrontation. See *Commonwealth v. Whiting*, 439 Pa. 205, 266 A. 2d 738 (1970). In *Whiting*, we dealt with a one-man show-up through a one-way mirror and stated that this was a critical stage that requires the accused to have counsel present. However, although in the instant case appellant did not have counsel present, this is not fatal to the Commonwealth's case because in *Whiting, supra*, we also stated, at page 211, that "the victim's identification may still be admissible if it had an 'independent origin.'"

It is clear from the record that Miss Brown had a clear and unobstructed view of appellant during the commission of the crime. Her room was lighted by a mercury-vapor street light shining through her window, and she was no more than six inches from appellant during the crime. Miss Brown's identification was clearly based on observations of appellant other than those afforded by the police when appellant was taken back to the scene, or was seen through the one-way mirror. *United States v. Wade*, 388 U.S. 218 (1967).

The fact that Miss Brown also referred to the other identifications in her testimony was, at most, harmless error, since she specifically testified as follows: "Q. Is your identification of this defendant in court today—

What is it based upon? A. That's the man that was in my room."

Judgment of sentence affirmed.

Mr. Justice EAGEN and Mr. Justice NIX concur in the result.

---

CONCURRING OPINION BY MR. JUSTICE MANDERINO:

I concur in the majority's decision but for different reasons. Even if an in-court identification has a proper independent basis, the introduction into evidence *by the prosecution* of out-of-court identifications is reversible error if the out-of-court identifications occurred in violation of the appellant's constitutional rights. Such evidence is subject to a per se exclusionary rule. *Gilbert v. California*, 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951 (1967); *Commonwealth v. Whiting*, 439 Pa. 205, 211, 266 A. 2d 738, 741 (1970).

In this case, however, I concur with the majority's result because the two out-of-court identifications were not obtained in violation of the appellant's constitutional rights. The first out-of-court identification did not result from a confrontation *procedure* with a potential for substantial prejudice, *United States v. Wade*, 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967). Therefore, the appellant did not have a constitutional right to the assistance of counsel. During the second out-of-court identification at the jail, the appellant waived his right to the assistance of counsel.

I therefore concur in the affirmance of the judgment of sentence.