Commonwealth *v.* Goldwire, Appellant.

Submitted June 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Anne F. Johnson* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Maxine J. Stotland, David Richman, Steven H. Goldblatt,* and *Mark Sendrow,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard*

*A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., September 23, 1974:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Philadelphia by the defendant-appellant, Ronald Goldwire, after conviction in a non-jury trial of charges of playfully pointing a firearm; carrying a concealed deadly weapon, burglary and aggravated robbery. He was found guilty of aggravated robbery and playfully pointing a firearm. A pre-trial motion to suppress identification evidence was denied as were post-trial motions. He was sentenced to not less than one year nor more than three years imprisonment.

Teddy Wisneiwski, an automobile mechanic testified that at approximately noon on November 27, 1972, the defendant entered the office of the gasoline station and asked for money. When the victim hesitated, the defendant dropped a piece of cardboard which concealed a shotgun and announced a holdup. He took money from the victim, hit him with the shotgun and ran from the station. The victim chased the defendant but did not apprehend him. He called the police advising them of the holdup and describing the defendant as a tall, dark Negro, male, aged 21 and weighing about 150 pounds and wearing a long, blue overcoat and gloves.

An officer, responding to the radio description, observed the defendant walking on the street, wearing a blue overcoat and carrying a rifle or shotgun. When the defendant saw the police car, he fled. The officer after getting through heavy traffic, again observed the defendant still wearing the blue overcoat and carrying a weapon. He saw him jump over a wall. The officers got out of the police car and observed the defendant running across the parking lot with the weapon; he was

no longer wearing the blue overcoat. They continued to follow him over the wall and across Chelten Avenue to an apartment garage where they lost him. They found the blue overcoat in the vicinity of the wall. A tag inside the coat indicated the name of "Ronald Goldwire". A hat and a left glove bearing the brand name "Rawhide" was found in the pocket of the coat.

During a search of the area, a 1964 Dodge was found parked illegally around the corner from the gas station where the robbery took place. A right-hand glove bearing the brand name "Rawhide" and resembling the left glove was found on the front seat of the car. The automobile was towed into the police station for safe keeping. When defendant inquired about the car, he was told that he was a suspect in a robbery at the Exxon station and he was given the required constitutional rights warning.

He was placed in a lineup without counsel and he refused to waive counsel. When the victim entered the police station, he immediately identified the blue coat in the detective's office and then identified the defendant in the lineup. The Commonwealth concedes that the lineup was illegal and improperly admitted.

The question raised in this appeal is whether the illegal lineup identification admitted into evidence in this case is reversible error even if the in-court identification has a proper independent basis.

There is no question in this case that the victim's testimony at the suppression hearing and his in-court identification of the defendant stemmed not from his confrontation at the lineup, but from observation of the defendant at the gas station during the robbery.

The factors to be considered in determining whether a courtroom identification has an independent origin include "the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual

description, any identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification. It is also relevant to consider those facts which, despite the absence of counsel, are disclosed concerning the conduct of the lineup." *United States v. Wade,* 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967) at page 1940; *Commonwealth v. Burton,* 452 Pa. 521, 307 A. 2d 277 (1973); *Commonwealth v. Spencer,* 442 Pa. 328, 275 A. 2d 299 (1971); *Commonwealth v. Futch,* 447 Pa. 389, 290 A. 2d 417 (1972).

The victim had ample opportunity to observe the defendant during the noon robbery. He testified that he had talked with the defendant for a few minutes before he announced the holdup and had watched his face during that time. He was in the office for five to ten minutes longer so that he had that additional time to observe him. This was in broad daylight and his identification testimony at trial was based on this confrontation. His description to the police of the defendant as a tall, dark Negro, with braided hair, weighing about 150 pounds and wearing a long, blue overcoat was accurate.

The evidence was clearly sufficient to convict the defendant beyond a reasonable doubt.

In *Commonwealth v. Burton,* supra, it was held that the fact that the witness referred to the out-of-court identification in her testimony was, at most, harmless error where the victim's identification in court was of independent origin. See also, *Commonwealth v. Spencer,* supra; *Commonwealth v. Futch,* supra.

There is no question in this case that the victim's testimony both at the suppression hearing and at the in-court identification was entirely independent of the illegal lineup and that its introduction, at most, was

harmless error. This is especially true in view of the fact that it was a non-jury trial.

Judgment affirmed.

HOFFMAN and SPAETH, JJ., concur in the result.