333 A.2d 856
**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Samuel Lee THOMAS, Appellant.**

Supreme Court of Pennsylvania.

Argued March 19, 1974.

Decided March 18, 1975.

John J. Dean, John R. Cook, Pittsburgh, for appellant.

Robert W. Duggan, Dist. Atty., Robert L. Eberhardt, Robert L. Campbell, Thomas More Lilly, Asst. Dist. Attys., Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

The appellant, Samuel Lee Thomas, was found guilty by a jury of two counts of armed robbery and one count of assault with intent to kill. Post trial motions were denied and concurrent sentences of three and one-half to ten years imprisonment were imposed for each offense. On appeal, the Superior Court affirmed the judgments of sentence in an opinionless per curiam order. We then granted allocatur.

These facts are disclosed by the record:

On July 7, 1967, the LaPietra Tavern in the Borough of Rankin, Allegheny County, was held up and robbed by three men. The proprietor of the tavern was pistol-whipped by one of the felons. On July 10, 1967, at about 11:50 a. m., a Gulf Oil service station, also located in Rankin, was held up and robbed by a lone gunman, who also assaulted the manager of the station. Also on July 10th, about 3:15 p. m., the King Furniture Outlet in McKeesport, Allegheny County, was held up and robbed by three men, and Thomas Kress, a store employee, was hit several times on the back of the neck by one of the felons. These three robbers then joined a fourth man, waiting nearby in a white Studebaker station wagon, and

fled the scene. At 3:35 p. m., the station wagon was stopped on the highway about seven miles from McKeesport by a police officer who had received via radio a report of the robbery and a description of the getaway vehicle. Two guns, a knife, and some currency stolen during the furniture outlet robbery were found in the station wagon, and the appellant Thomas, Walter Adams, Ronald McKeithen and George Cobb, the four occupants, were placed under arrest.

Subsequently, Thomas, Adams, McKeithen and Cobb were jointly indicted [Bill No. 78] for armed robbery and receiving stolen goods in connection with the King Furniture Outlet robbery. Thomas was indicted [Bill No. 90] alone for armed robbery and assault with intent to kill in connection with the Gulf Oil service station hold-up. Adams, McKeithen and Cobb were jointly indicted for armed robbery and assault with intent to kill [Bill No. 85] in connection with the LaPietra Tavern hold-up.

On March 21, 1968, McKeithen and Cobb entered pleas of guilty to Bills of Indictment, Nos. 78 and 85. Commencing on March 25, 1968, Thomas was tried on Bills Nos. 78 and 90, and Adams on Bills Nos. 78 and 85 in a joint trial. The latter was represented by self-retained counsel and the former by an attorney from the office of the Public Defender.

■ Initially, Thomas urges he was unduly prejudiced by the consolidation of the three separate indictments in one trial since he had been charged with participation in only two of the robberies. A review of the record reveals that Thomas failed to object to the consolidation by either a pretrial motion for severance or by an objection at trial. Nor did he raise the issue in the post trial motions. As issues not raised in the court below are deemed waived and may not be raised for the first time on appeal to this Court, this issue is not properly

before us. See *Commonwealth v. Agie,* 449 Pa. 187, 189, 296 A.2d 741 (1972), and cases cited therein.[1]

Thomas also contends that certain out-of-court identifications should have been suppressed because they were unnecessarily suggestive and, therefore, violative of due process. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).[2] The record reveals that after his arrest, Thomas, and his three co-defendants, were taken to a local magistrate's office for identification. As they were led out of the office into the parking lot, Mr. Kress, who had been brought to the magistrate's office by the police, identified Thomas as one of the participants in the furniture outlet robbery. At this time, Thomas was wearing handcuffs and was in the custody of the police. On July 11th, at the McKeesport police station, the four suspects were again shown to Mr. Kress, who once more identified Thomas. At least two of the suspects were then wearing prison garb.

The confrontations, above described, were suggestive identification procedures proscribed by *Stovall v. Denno,* supra. Thomas was exhibited to Mr. Kress in a particularly suggestive manner. *Commonwealth v. Mackey,* 447 Pa. 32, 36, 288 A.2d 778 (1972). The identifications occurred after Mr. Kress had been made aware of a "prior police judgment that the confronted citizen is the person who committed the crime." *Commonwealth v. Hall,* 456 Pa. 243, 250, 317 A.2d 891, 894 (1974). And there were no exigent circumstances preventing the police from conducting a formal and

1. Thomas argues that no waiver should be attributed to him for failure to object to the consolidation. He contends it would be unreasonable to have expected him to move for a severance since his attorney also was representing two of his co-defendants. However, prior to trial these two co-defendants plead guilty to the charges brought against them and did not stand trial with Thomas. It follows that ample opportunity to object to the consolidation did exist, both at trial and through post trial motions.

2. Thomas is not contending he had a right to counsel at these out-of-court identifications.

proper line-up procedure. *Commonwealth v. Mackey,* supra. The testimony of Kress concerning the foregoing identifications should have been suppressed and excluded as evidence at trial. However, we are persuaded beyond a reasonable doubt that the error was harmless. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Granting the illegality of the confrontations involved, Mr. Kress' in-court identification of Thomas was not constitutionally precluded as trial evidence if the Commonwealth established this identification was free from taint of the initial illegality. *United States v. Wade,* 388 U.S. 218, 241, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Commonwealth v. Burton,* 452 Pa. 521, 523, 307 A.2d 277 (1973); and *Commonwealth v. Whiting,* 439 Pa. 205, 211, 266 A.2d 738 (1970). We are satisfied the Commonwealth did sustain its burden of showing by "clear and convincing evidence" that the in-court identification by Mr. Kress had a basis independent of the impermissible out-of-court confrontations. *United States v. Wade,* supra, at 240, 87 S.Ct. at 1939.

██ Our examination of the record indicates Mr. Kress had sufficient opportunity to view Thomas during the commission of the crime. The robbery occurred at 3:15 p. m., in the light of day, and Mr. Kress observed Thomas at close range for a period of from three to six minutes. *Commonwealth v. Jennings,* 446 Pa. 294, 306–307, 285 A.2d 143 (1971). Mr. Kress observed Thomas wielding a knife and was even able to read the name "Barlow" imprinted on its handle. Immediately after the incident, Mr. Kress gave the police an identification which accurately described Thomas. *Commonwealth v. Futch,* 447 Pa. 389, 397, 290 A.2d 417 (1972). Moreover, Mr. Kress never wavered in his identification of Thomas as a participant in the furniture outlet robbery. *Commonwealth v. Mackey,* supra, 447 Pa. at 37, 288 A.2d at 781. Under the circumstances, the in-court identifica-

tion testimony was properly admitted, being free from any taint of the initial illegal confrontations.

Judgments affirmed.

ROBERTS, J., filed a concurring opinion.

ROBERTS, Justice (concurring).

Because the record reveals that no error was committed by the trial court, I concur in the result reached by the Court.

At trial, the only identification evidence elicited by the Commonwealth was the witness's in-court identification of appellant. Defense counsel, however, in an attempt to impeach the witness's identification, asked the witness about the suggestive out-of-court confrontation. Since the witness testified about the out-of-court confrontation in response to defense questions, appellant may not now be heard to complain.

Moreover, the record supports the trial court's determination that the Commonwealth had established by "clear and convincing evidence that the in-court identification was based upon observations of the suspect other than [the suggestive confrontation.]" *United States v. Wade*, 388 U.S. 218, 240, 87 S.Ct. 1926, 1939, 18 L.Ed.2d 1149 (1967). Therefore, the trial court correctly permitted the in-court identification.